**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORDAN ROBERT IWASZEWSKI, an individual; and NATALIE IWASZEWSKI, an individual,<br><br>          Plaintiffs,<br><br>          v.<br><br>PALACE ENTERTAINMENT HOLDINGS, LLC, a Delaware limited liability company; HERSCHEND FAMILY ENTERTAINMENT, a Georgia corporation; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. 2:26-cv-01656-SPG-SSC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [ECF NO. 12]** |

Before the Court is a Motion to Remand, (ECF No. 12 ("Motion")), filed by Plaintiffs Jordan Robert Iwaszewski and Natalie Iwaszewski ("Plaintiffs"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

-1-

## I.   BACKGROUND

### A.   Factual Background

On August 9, 2023, Plaintiff Jordan Robert Iwaszewski visited the Raging Waters amusement park in San Dimas, California, and rode on the park's Speed Slide attraction. *See* (ECF No. 1-1 ("Complaint") ¶¶ 2, 7, 12). According to the Complaint, a sudden surge of water on the Speed Slide caused Mr. Iwaszewski to "travel at an unsafe speed, barrel around a sharp curve, become airborne, and strike his head on the slide." (*Id.* ¶ 12). As a result, Mr. Iwaszewski allegedly suffered "severe injuries, including a laceration requiring over a dozen staples, head and neck trauma, a small subcentimeter area of flair hyperintensity in the left frontal cortex, ongoing pain, and severe depression." (*Id.* ¶ 15).

Plaintiffs allege that Palace Entertainment Holdings, LLC and Herschend Family Entertainment are responsible for Mr. Iwaszewski's injuries. *See* (*id.* ¶¶ 13–15). According to the Complaint, Palace Entertainment Holdings ("Palace Entertainment") is the parent company or managing entity of Raging Waters, and Herschend Family Enterprises ("Herschend") has assumed Palace Entertainment's liabilities. *See* (*id.* ¶¶ 2–4). Plaintiffs allege Palace Entertainment and Herschend should have known the Speed Slide was defective; failed to exercise reasonable care in inspecting, maintaining, or repairing the Speed Slide; and failed to warn Mr. Iwaszewski about the Speed Slide's hazardous condition. *See* (*id.* ¶¶ 13–14).

The Complaint requests $4.525 million in damages. *See* (*id.* ¶¶ 20, 32, 39, 48). At the time of filing, Mr. Iwaszewski allegedly incurred $28,114.61 in medical expenses from the accident, $100,000 in lost earnings to date, and $18,877.70 in expenses for his trip to California, which was allegedly disrupted by the accident at Raging Waters. *See* (*id.* ¶¶ 16, 17, 19). Plaintiffs also estimated that Mr. Iwaszewski will incur $178,200 in future medical expenses and $1.25 million in lost earnings as a result of his injuries. *See* (*id.* ¶¶ 16–17). The Complaint requests $2 million in damages for Mr. Iwaszewski's "emotional distress, pain, suffering, and inconvenience." (*Id.* ¶ 18). Natalie Iwaszewski, Mr. Iwaszewski's wife, also requests $1 million in damages for loss of consortium. *See* (*id.* ¶ 52).

### B.    Procedural History

Plaintiffs filed this action in Los Angeles County Superior Court on June 16, 2025. *See* (ECF No. 1 ("NOR") ¶ 1).  On July 14, 2025, Festival Fun Parks, LLC ("Defendant") accepted service on behalf of Palace Entertainment and Herschend, claiming that Plaintiffs erroneously sued these entities in its place.  *See* (ECF No. 1-2).   The parties exchanged discovery and, on January 16, 2026, Mr. Iwaszewski served responses to Defendant's first set of interrogatories.  *See* (ECF No. 1-3).  In his interrogatory response, Mr. Iwaszewski disclosed that he had incurred more than $40,000 in medical expenses and $125,000 in lost earnings.  *See* (*id.* at 6).  Mr. Iwaszewski also estimated that he was likely to incur future medical expenses of more than $178,000 and lost earnings of $1.25 million.  *See* (*id.*).  On the same day, Ms. Iwaszewski served a response to Defendant's first set of interrogatories, claiming $1 million in damages for loss of consortium.  *See* (ECF No. 1-4 at 5–6).

Defendant removed the case to federal court on February 17, 2026.  Plaintiffs filed their Motion to Remand on March 18, 2026.  On April 8, 2026, Defendant timely filed a brief in opposition.  *See* (ECF No. 16 ("Opposition")).  On April 22, 2026, Plaintiffs filed an untimely brief in reply.  *See* (ECF No. 17 ("Reply")).  Under the Local Rules, parties must file any papers in reply "not later than fourteen (14) days before the date designated for the hearing of the motion."  C.D. Cal. L.R. 7-10.  Because Plaintiffs filed their Reply seven days after the applicable deadline without leave to do so, the Court declines to consider the arguments presented therein.  *See* C.D. Cal. L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.").

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action filed in state court to federal court if the federal court had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under

federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

Federal law sets forth two separate deadlines, which, if triggered, require a defendant to initiate removal within thirty days: (1) following service of an initial pleading that affirmatively reveals the basis for removal; or (2) if "the case stated by the initial pleading is not removable," following receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). The first thirty-day deadline "only applies if the case stated by the initial pleading is removable on its face," as determined "through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The second deadline, meanwhile, is only triggered where "an amended pleading, motion, order, or other paper . . . [makes] a ground for removal unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). A defendant may remove a case "outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing party bears the burden of establishing federal subject-matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III.    DISCUSSION

The Complaint alleges Plaintiffs' citizenship and requests more than $75,000 in damages. *See* (Compl. ¶¶ 1, 16–20, 32, 39, 48, 52). Therefore, Plaintiffs claim that it was

clear from the face of the Complaint that this case could be removed based on the Court's diversity jurisdiction, and Defendant had 30 days from receipt of the Complaint to remove the case under § 1446(b)(1). *See* (Motion at 4–5). Defendant does not contest that it was clear from the Complaint that the parties were completely diverse but argues that it was not clear whether Plaintiffs' claims satisfied the amount in controversy threshold for removal. *See generally* (Opp.). Defendant therefore claims that Plaintiffs' interrogatory responses were the first documents that provided a clear basis for removal, triggering the deadline for removal under § 1446(b)(3). *See* (*id.*).

"[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The Complaint alleges more than $4 million in damages. *See* (Compl. ¶¶ 20, 32, 39, 48). Therefore, the damages alleged in the Complaint presumptively satisfy the amount in controversy requirement. *See Guglielmino*, 506 F.3d at 699. Defendant nevertheless argues that the Complaint did not trigger the removal deadline under § 1446(b)(1) because California law does not allow Plaintiffs to request damages in personal injury lawsuits. *See* (Opp. at 6–8); *see also* Cal. Civ. Proc. Code § 425.10(b) ("where an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be stated").

However, Defendant does not explain why Plaintiffs' alleged noncompliance with California procedural law posed a bar to removal.[1] Whether a complaint is subject to

---

[1] Defendant claims that a defendant bears the burden of proving, by a preponderance of the evidence, facts which support removal "where a state law does not permit a specific demand in the complaint." (Opp. at 7). In support, Defendant cites to *Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398 (9th Cir. 1996). *See* (Opp. at 7). However, *Sanchez* addressed what a removing defendant must prove "in cases where a plaintiff's state court complaint does not specify a particular amount of damages." *Sanchez*, 102 F.3d at 404. The court did not address situations where the complaint does specify a particular amount of damages, even though doing so is not permitted under state law.

removal "is a question of the construction of the federal statute on removal," *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954), and "[t]he Supreme Court has cautioned against interpreting the federal removal statute with reference to state law," *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 (9th Cir. 2019). Because it was clear from the face of the Complaint that this action falls within the Court's diversity jurisdiction, and Defendant accepted service of the Complaint on July 14, 2025, *see* (ECF No. 1-2), Defendant was required to remove the case to federal court within 30 days of receipt. *See* 28 U.S.C. § 1446(b)(1). Defendant failed to do so and, therefore, removal was untimely.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion.

**IT IS SO ORDERED.**

DATED: May 5, 2026

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

[2] In the Motion, Plaintiffs request fees and costs. *See* (Motion at 5). Under 28 U.S.C. § 1447(c), fees and costs may be awarded "where the removing party lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). However, even if Defendant lacked an objectively reasonable basis for removal, Plaintiffs have not identified fees and costs resulting from removal. Therefore, the Court declines to award fees and costs. *See, e.g., Santi v. Batache*, No. 2:21-CV-00603-SB-PD, 2021 WL 425982, at *2 (C.D. Cal. Feb. 5, 2021) (declining to award fees and costs because plaintiff did not provide evidence beyond a declaration that the requested rate was appropriate).